**VIRGINIA:**

**BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD**

IN THE MATTER OF                          VSB DOCKET NO. 23-022-126787
MATTHEW TAYLOR MORRIS

**MISCONDUCT SUMMARY ORDER**

On March 24, 2023, this matter was heard by the Virginia State Bar Disciplinary Board pursuant to Notice served upon the Respondent in the manner provided by the Rules of Supreme Court of Virginia.

**WHEREFORE,** upon consideration of the testimony, documentary evidence, and arguments of counsel, it is **ORDERED** that:

1. With respect to the disciplinary rule violations set out in the Notice, the Board finds that:

    _____  No disciplinary rule violations have been proved by clear and convincing evidence, and accordingly all charges of Misconduct are hereby dismissed.

    ✓  The following disciplinary rule violations have been proved by clear and convincing evidence:

| VSB Docket No. 23-022-126787 | | | | |
|---|---|---|---|---|
| Rule | Found | Not Found | Withdrawn | Stipulated To |
| 8.4(b) | ✓ | | | ✓ |

2. The Respondent receives a(n):

    _____  Admonition without terms

    _____  Admonition with terms, as set out in the Record

    _____  Terms _____

    Alternative Disposition _____

    _____  Public Reprimand without terms

    _____  Public Reprimand with terms, as set out in the Record

    _____  Terms _____

    Alternative Disposition _____

|  |  |
|---|---|
| _____ | Suspension for _____ (not to exceed five years) |
| _____ | Suspension for _____ (one year or less) |
| ✓ | Suspension with Terms  6 months  (one year or less) as set out in the record. See attached. |
| _____ | Terms _____ |
|  | Alternative Disposition _____ |
| _____ | Revocation |

3. This ~~Summary Order~~ *6-month Suspension* is effective on: April 24, 2023

   _____ the date of this summary order

   _____ _____, 20____

4. The Board notes that:

   ✓ The Respondent was present in person/~~electronically~~ and was advised of the Board's decision

   _____ The Respondent was not present in person and the Clerk of the Disciplinary System is directed to forward a copy of this Summary Order to the Respondent

5. The Board shall issue a Memorandum Order in this matter.

6. The Board notes that concerning Part 6, Section IV, Paragraph 13-29 that:

   ✓ Respondent must comply with the requirements of Part 6, Section IV, Paragraph 13-29 of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail of the Suspension or Revocation of his or her license to practice law in the Commonwealth of Virginia, to all clients for whom he or she is currently handling matters and to all opposing Attorneys and presiding Judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his or her care in conformity with the wishes of his or her clients. Respondent shall give such notice immediately and in no event later than 14 days of the effective date of the Revocation or Suspension, and make such arrangements as are required herein as soon as is practicable and in no event later than 45 days of the effective date of the Suspension or Revocation. The Respondent shall also furnish proof to the Clerk of the Disciplinary System at the Virginia State Bar within 60 days

2

of the effective date of the Suspension or Revocation that such notices have been timely given and such arrangements have been made for the disposition of matters.

It is further ORDERED that if the Respondent is not handling any client matters on the effective date of the Suspension or Revocation, he or she shall submit an affidavit to that effect to the Clerk of the Disciplinary System at the Virginia State Bar. The Board shall decide all issues concerning the adequacy of the notice and arrangements required herein. The burden of proof shall be on the Respondent to show compliance. If the Respondent fails to show compliance, the Board may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of subparagraph 13-29.

_____ Respondent has complied with notice provisions of Rules of Court, Part 6, Section IV, Paragraph 13-29 dealing with appropriate notification of Suspension or Revocation to his or her clients, Judges, and opposing Attorneys in pending litigation

7. The Clerk of the Disciplinary System shall comply with all requirements of Part 6, Section IV, Paragraph 13 of the Rules of the Supreme Court, as amended, including: assessing costs pursuant to Part 6, Section IV, Paragraph 13-9.E. of the Rules and complying with the Public Notice requirements of Part 6, Section IV, Paragraph 13-9.G.

8. A copy teste of this Order shall be mailed by certified, regular and electronic mail to the Respondent, at his last address of record with the Virginia State Bar and by electronic mail to Seth T. Shelley, Assistant Bar Counsel.

ENTERED THIS 24th DAY OF MARCH, 2023

VIRGINIA STATE BAR DISCIPLINARY BOARD

_____
David J. Gogal
Second Vice Chair

A COPY TESTE
Joanne "Jo" Fronfelter
Clerk of the Disciplinary System
Virginia State Bar

3

**VIRGINIA:**

**BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD**

IN THE MATTER OF                      VSB DOCKET NO. 23-022-126787
MATTHEW TAYLOR MORRIS

**SUSPENSION WITH TERMS – COMPLIANCE TIME PERIOD**

Having considered the evidence presented and argument of Bar Counsel and Mr. Morris, the Board, by a majority vote, ORDERS:

1) That Respondent's license is suspended for a period of six months, with an effective date for the suspension of April 24, 2023, with the following terms:

   a) To be clear this sanction is independent of and does not alter the January 23, 2023, Memorandum Order of Public Reprimand with Terms, as this Panel does not consider the January 23, 2023 sanction to apply here, as we construe such order to contemplate the commission of a violation <u>after</u> the entry of such order. To the extent our finding of a violation here is later considered to reflect a violation of the January 23, 2023 order, this Panel intends for this 6-month suspension to run concurrently with the alternative sanction of 6 months set forth in the January 23, 2023 Order.

   b) Lawyers Assistance Program:
   1. Not later than 30 days after this Order is entered, Respondent will contact the Judges and Lawyers Assistance Program ("JLAP") to schedule an evaluation to be conducted by JLAP. Thereafter, Respondent will fully participate in the evaluation conducted by JLAP and will implement all of JLAP's recommendations.

   2. Respondent will enter into a written contract with JLAP for a minimum period of 12 months and will comply with the terms of such contract, including meeting with JLAP and its professionals, as directed.

   3. Respondent shall authorize JLAP to provide monthly reports to Bar Counsel stating whether Respondent is in compliance with JLAP's contract with Respondent.

   4. Pursuant to 13-18.O, Bar Counsel will monitor Respondent's compliance with the JLAP contract. If a JLAP representative and Bar Counsel determine that Respondent is not in substantial compliance with his contract, Bar Counsel will serve notice requiring Respondent to show cause why the alternative disposition will not be imposed.

   c) Respondent must commit no violations of the Rules of Professional Conduct for a period of one year from the date of this Order.

   d) The alternative sanction: If the Respondent fails to comply with these terms, the alternative sanction is the suspension of Respondent's license for an additional period of six months.