**VIRGINIA:**

### BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

**IN THE MATTER OF**                                    **VSB DOCKET NO. 25-000-133208**
**MATTHEW TAYLOR MORRIS**

### RULE TO SHOW CAUSE

### AND
### ORDER OF SUMMARY SUSPENSION AND HEARING

It appearing to the Board that Matthew Taylor Morris was licensed to practice law within the

Commonwealth of Virginia on October 12, 2012, and,

It further appearing that on September 24, 2024, Matthew Taylor Morris entered a guilty plea in

2:24-cr-97 to Conspiracy to Possess with Intent to Distribute and Distribute Marijuana, in the United

States District Court for the Eastern District of Virginia, Norfolk Division.

It further appearing that Matthew Taylor Morris has been convicted of a Crime, as defined by the

Rules of Court, Part 6, Section IV, Paragraph 13-22 A.,

It is ORDERED, pursuant to the Rules of Court, Part 6, Section IV, Paragraph 13-22, that the

license of Matthew Taylor Morris to practice law within the Commonwealth of Virginia be, and the same

is, hereby **SUSPENDED, October 1, 2024.**

It is further ORDERED that Matthew Taylor Morris appear before the Virginia State Bar

Disciplinary Board at the **State Corporation Commission, Courtroom B, 1300 E. Main Street,**

**Richmond, VA 23219, at 9:00 a.m., on Friday, October 25, 2024,** to show cause why his license to

practice law within the Commonwealth of Virginia should not be further suspended or revoked.

It is further ORDERED that Matthew Taylor Morris shall forthwith give notice, by certified mail,

of the Suspension of his license to practice law in Virginia to all clients for whom he is currently handling

matters and to all opposing Attorneys and the presiding Judges in pending litigation. The Respondent

shall also make appropriate arrangements for the disposition of matters then in his care in conformity with

the wishes of his clients. The Respondent shall give such notice immediately and in no event later than

fourteen (14) days of the effective date of the Suspension, and make such arrangements as are required

herein as soon as is practicable and in no event later than forty-five (45) days of the effective date of the

Suspension.  The Respondent shall also furnish proof to the Clerk of the Disciplinary System of the

Virginia State Bar within sixty (60) days of the effective date of the Suspension that such notices have

been timely given and such arrangements for the disposition of matters have been made.  The Board shall

decide all issues concerning the adequacy of the notice and arrangements required herein.  The burden of

proof shall be on the Respondent to show compliance.  If the Respondent fails to show compliance, the

Board may impose a sanction of Revocation or additional Suspension for failure to comply with the

requirements of subparagraph 13-29.

It is further ORDERED that a copy of the CERTIFIED COPY OF PLEA AGREEMENT AND

STATEMENT OF FACTS be attached to this Rule to Show Cause and Order of Summary Suspension

and Hearing and made a part hereof.

It is further ORDERED that an attested copy of this Rule to Show Cause and Order of Summary

Suspension and Hearing, with attachments, shall be mailed to the Respondent by certified, regular and

electronic mail to his Virginia State Bar address of record, at 1877 Pittsburg Landing, Virginia Beach, VA

23464-876**7**, and a copy by electronic mail to James O. Broccoletti, Esq., and a copy by electronic mail to

Seth T. Shelley, Assistant Bar Counsel.

ENTERED THIS 27th DAY OF SEPTEMBER 2024.

VIRGINIA STATE BAR DISCIPLINARY BOARD

Carolyn V. Grady

Digitally signed by
Carolyn V. Grady
Date: 2024.09.27
12:07:00 -04'00'

—————————————————————
CAROLYN V. GRADY
CHAIR DESIGNATE



A COPY TESTE

Joanne "Jo" Fronfelter

Clerk of the Disciplinary System
Virginia State Bar

RECEIVED
Sep 24, 2024
VIRGINIA STATE BAR
CLERK'S OFFICE

FILED
IN OPEN COURT

SEP 2 4 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.

MATTHEW TAYLOR MORRIS,

Defendant.

No. 2:24-cr-97

PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia; undersigned

counsel for the United States; the defendant, Matthew Taylor Morris; and the defendant's

counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal

Procedure. The terms of this Plea Agreement are as follows:

1.      **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to Counts One and Two of the

Criminal Information. Count One charges the defendant with Conspiracy to Possess with Intent

to Distribute and Distribute Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

(b)(1)(D). The maximum penalties for this offense are: a maximum term of 5 years of

imprisonment, a fine of $250,000, forfeiture of assets as outlined below, any special assessment

pursuant to 18 U.S.C. § 3013, and a minimum term of supervised release of two years. Count

Two charges the defendant with Possession with Intent to Distribute Marijuana, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2. The maximum penalties for this offense

are: a maximum term of 5 years of imprisonment, a fine of $250,000, forfeiture of assets as

outlined below, any special assessment pursuant to 18 U.S.C. § 3013, and a minimum term of

supervised release of 2 years. The defendant understands that any supervised release term is in

MTM

addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

## 2. Detention Pending Sentencing

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

## 3. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

## 4. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

2

MTM

d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5.**     **Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior

3

to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant stipulate and will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

| Guideline(s) | Description | Offense Level |
|---|---|---|
| § 2D1.1(c)(12) | At least 20KG but less than 40 KG of Marihuana | 16 |
| § 2D1.1(b)(1) | Firearm | +2 |
| § 2D1.1.(b)(12) | Maintaining a drug premises | +2 |

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Accordingly, any such determinations will be made by the Court at sentencing.

**6. Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

4

MTM

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

### 7.     Immunity from Further Prosecution in This District

The United States will not further criminally prosecute the defendant in the Eastern

District of Virginia for the specific conduct described in the Criminal Information or Statement

of Facts with two exceptions:

> a.     Provided that the defendant continues to be subject to criminal liability for all of the counts to which he is pleading guilty in this plea agreement. If the defendant later becomes no longer subject to criminal liability for any count to which he is pleading guilty, then the protection that the defendant receives from further prosecution is limited to what is provided by the Double Jeopardy Clause of the U.S. Constitution.

> b.     The United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Information as an offense. In such a prosecution, the United States may allege and prove conduct described in the Information or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

### 8.     Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C.

§ 3572, all monetary penalties imposed by the Court, including restitution, will be due

immediately and subject to immediate enforcement by the United States as provided for in

Section 3613. If the Court imposes a schedule of payments, the defendant understands that the

schedule of payments is merely a minimum schedule of payments and not the only method, nor a

limitation on the methods, available to the United States to enforce the judgment. Until all

monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program

so that any federal payment or transfer of returned property to the defendant will be offset and

applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the

defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial

5

MTM

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

### 9. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 10. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any drug-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: property that constitutes the proceeds of the offense, property facilitating the offense, and any firearm or ammunition used in or involved in the offense.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the

6

MTM

charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 11. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of crime, property facilitating crime, property used in or involved in crime, and a substitute for any of the foregoing.

### 12. The Defendant's Obligations Regarding Assets and Financial Investigation

The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in which the defendant has any legal or equitable interest to determine what assets may be available for payment to restitution, forfeiture, and/or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed.

7

MTM

The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request. The defendant understands that failure to participate in the financial investigation as described in this paragraph may constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Within 14 days of a request by the United States, or other deadline agreed upon by the parties, the defendant agrees to provide all information about all of the defendant's assets and financial interests to the United States and the Probation Office and, if requested, submit to a debtor's examination, complete a financial disclosure statement under penalty of perjury, and/or undergo any polygraph examination the United States may choose to administer concerning such assets and financial interests. The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that assets and financial interests subject to disclosure include assets owned or held directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

The defendant shall identify all assets valued at more than $5,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement,

8

MTM

including the location of the assets and the identities of third parties to whom they were transferred. The defendant agrees not to transfer any assets valued at more than $5,000 without approval of the Asset Recovery Unit of the U.S. Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest. Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to notify the Asset Recovery Unit of the U.S. Attorney's Office of a change in address within 30 days of such change.

The United States will not use any truthful and complete information provided by the defendant pursuant to this paragraph for additional criminal offenses against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides pursuant to defendant's obligations under this paragraph will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action or restitution enforcement action, whether criminal or civil, administrative or judicial.

9

**13.     Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.      The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b.      The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c.      Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

10

MTM

## 14. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Jessica D. Aber
United States Attorney

By: _____

John F. Butler
Anthony C. Marek
Assistant United States Attorneys
Graham Stolle
Special Assistant United States Attorney

11

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Criminal Information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 9/6/24

Matthew Taylor Morris

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Criminal Information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 8/6/24

James O. Broccoletti, Esq.
Counsel for the Defendant

12

MTM

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your Special Assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 2:24-cr- 97 |
| DEFENDANT'S NAME: | Matthew Taylor Morris |
| PAY THIS AMOUNT: | 200.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**

   CLERK, U.S. DISTRICT COURT

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE.**

3. **PAYMENT SHOULD BE SENT TO:**

| | In-Person (9 AM to 4 PM) | By Mail: |
|---|---|---|
| **Alexandria Cases:** | | **Clerk, U.S. District Court**<br>**401 Courthouse Square**<br>**Alexandria, VA 22314** |
| **Richmond Cases:** | | **Clerk, U.S. District Court**<br>**701 East Broad Street, Suite 3000**<br>**Richmond, VA 23219** |
| **Newport News Cases:** | | **Clerk, U.S. District Court**<br>**2400 West Ave., Suite 100**<br>**Newport News, VA 23607** |
| **Norfolk Cases:** | | **Clerk, U.S. District Court**<br>**600 Granby Street**<br>**Norfolk, VA 23510** |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER.**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER AND PROMPT APPLICATION OF PAYMENT.**

MTM

RECEIVED
Sep 24, 2024
VIRGINIA STATE BAR
CLERK'S OFFICE



FILED
IN OPEN COURT

SEP 24 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

UNITED STATES OF AMERICA

    v.

MATTHEW TAYLOR MORRIS,

    Defendant.

Case No. 2:24-cr-*97*

## STATEMENT OF FACTS

The United States and the defendant, MATTHEW TAYLOR MORRIS (MORRIS or the defendant), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.    Beginning in or about March 2021, and continuing thereafter until in or about May 2022, within the Eastern District of Virginia and elsewhere, the defendant, MATTHEW TAYLOR MORRIS, and his co-conspirators, Donald Rogers, Nicholas Capehart, and Jeffrey Sines, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other, and with other persons both known and unknown, to knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

2.    The defendant received from the Virginia State Bar a license to practice law in or about October 2012. During all times relevant to the Criminal Information, the defendant was the sole proprietor of Top Tier Law Group, PLLC. During times relevant to the Criminal Information, the defendant maintained a physical office for his law firm at 510 South

Independence Boulevard, Suite 200, in the City of Virginia Beach, which is within the Eastern District of Virginia.

3.    During all times relevant to the Criminal Information, co-conspirator Donald Rogers was the owner of VA Premier Pawn, which was a Federal Firearm Licensee (FFL) that was authorized to sell firearms. Rogers purchased wholesale quantities of THC (Tetrahydrocannabinol) products, including marijuana, THC vape pens, THC wax, and THC edible products, from sources outside the Commonwealth of Virginia. Rogers personally made payments for these shipments, met the shipments, stored the products in the Eastern District of Virginia, and transferred them in smaller quantities to co-conspirators, including Capehart, Sines, and the defendant, for retail sale in the Eastern District of Virginia and elsewhere.

4.    In or about 2021, Capehart sold quantities of THC products to retail customers. The defendant, who had known Capehart for years, introduced Capehart to Rogers, initially believing that Capehart could supply Rogers with THC products. As all involved would learn, however, Rogers bought and sold marijuana products in larger quantities than did Capehart, so Rogers began to supply Capehart, as well as others, including the defendant, with THC products.

5.    The defendant and Rogers have known one another since approximately 2018. In 2021, after the defendant introduced Rogers to Capehart so that they could work together to distribute marijuana, the defendant referred customers, including his legal clients, to Rogers for the illegal purchase of THC products. Eventually, the defendant offered to Rogers the use of a room in his law office on South Independence Boulevard for the storage of Rogers's THC products. The defendant knew that Rogers was storing marijuana and related products at the law office, among other reasons, because the defendant helped Rogers move shipments of boxes and duffle bags filled with THC products into the law office.

2



6.     In exchange for his use of the law office, Rogers paid a portion of the law office's monthly rent for several months beginning in late 2021.  The defendant gave Rogers a key to the law office to facilitate Rogers's access to it.  Until Rogers began using another facility to store THC products, in or about May 2022, Rogers stored approximately 1,000 pounds of marijuana and marijuana products in the defendant's law office. The street value of the marijuana stored at the defendant's law office ranged in value between $800,000 and $1.6 million.

7.     Rogers also stored at the defendant's law office, with the defendant's full knowledge and consent, cash proceeds from the illegal sale of THC products.  In one photograph taken in the defendant's law office, co-conspirator Nicholas Capehart posed with drug proceeds in excess of one hundred thousand dollars cash, which was being counted to prepare for Rogers's purchase of a new wholesale shipment of THC products from an out-of-state supplier. The defendant's diplomas and legal credentials appear on the wall behind Capehart.

8.     In addition to storing THC products that Rogers purchased wholesale, the defendant received from Rogers smaller quantities of THC products, approximately 15 pounds per month, that the defendant himself sold to retail customers.  In all, Rogers sold the defendant approximately 70 pounds of THC products.

9.     The defendant received at least one firearm from Rogers, to include a Sig Sauer P229 Legion 9mm pistol.

10.     When the defendant possessed a firearm, he knew that he was an unlawful user of controlled substances, namely, Adderall (amphetamine salts), cocaine, opiates, and THC.  The defendant habitually kept at least one firearm in his law office while he allowed Rogers to store THC products there.

3

11.     On or about April 20, 2021, Capehart, who was vacationing in Las Vegas, Nevada, sought advice from the defendant on sending marijuana products back to the Hampton Roads region of the Eastern District of Virginia. Although the defendant did not represent Capehart in any civil or criminal case, Capehart sought the defendant's advice because Capehart knew that the defendant was an attorney. In text messages, the defendant told Capehart to commingle the marijuana products among "some type of souvenirs and buy some Saran Wrap and wrap whatever you put it in well." The defendant further advised Capehart to address the package not to the defendant, but to the defendant's law firm, to send the package to the defendant's law office, and to "[w]rite legal mail on there somewhere too," reasoning that this would "make it privileged and the cops would have a hell of a time getting a warrant to get around that privilege."

12.     Cell phones belonging to Rogers, Capehart, and Sines, lawfully seized pursuant to federal search warrants, contained evidence that the defendant, Rogers, Capehart, Sines, and others unlawfully conspired to knowingly and intentionally distribute and possess with intent to distribute marijuana and marijuana products in the Eastern District of Virginia and elsewhere.

13.     The defendant's participation in the events described was undertaken knowingly, intentionally, and unlawfully, and not as a result of an accident, mistake, or other innocent reason.

14.     The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

4



Respectfully submitted,

Jessica D. Aber
United States Attorney

By:

John F. Butler
Anthony C. Marek
Assistant United States Attorneys
Graham Stolle
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, MATTHEW TAYLOR MORRIS, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
MATTHEW TAYLOR MORRIS

I am MATTHEW TAYLOR MORRIS's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
James O. Broccoletti, Esq.
Attorney for MATTHEW TAYLOR MORRIS

6